**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4048**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WARREN RUCKER, II, a/k/a Pop,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, District Judge.  (3:09-cr-00028-nkm-1)

Submitted:  June 18, 2010               Decided:  July 6, 2010

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. Barry Montgomery, KALBAUGH, PFUND & MESSERSMITH, Richmond, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Ronald M. Huber, Assistant United States Attorney, Barbara Colberg, Third Year Law Student, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Warren Rucker, II, was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006); aiding and abetting the distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006); three counts of distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); three counts of distribution of a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006); possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006) (collectively, "drug offenses"); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006) ("firearms offense"). Rucker was sentenced to 195 months' imprisonment, which consisted of 135 months on the drug offenses and sixty months, consecutive, on the firearms offense. This appeal timely followed.

Prior to trial, Rucker moved to suppress the narcotics the police discovered during a search of his person, which was conducted incident to his arrest, and the firearm found in the taxicab in which he was a passenger. On appeal, Rucker abandons his arguments relevant to his warrantless arrest and the ensuing

2

search incident to arrest by failing to raise them in his brief. See Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004) (citing Fed. R. App. P. 28(a)(9)). Accordingly, we limit our review to the denial of the motion to suppress the firearm seized from the taxicab.

This court reviews the factual findings underlying the district court's denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). Clear error is found "only if, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (alteration in original) (internal quotation marks omitted). However, "if the district court's account of the evidence is plausible in light of the record viewed in its entirety," this court will not reverse the district court's finding even if "we would have decided the fact[s] differently." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks and alteration omitted). Because the court denied Rucker's motion to suppress, we view the facts in the light most favorable to the Government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009), petition for cert. filed, __ U.S.L.W. __ (U.S. Apr. 23, 2010) (No. 09-10414).

3

The district court articulated two bases for denying the motion to suppress the firearm: (1) that Rucker could not challenge the search of the taxicab because, as a mere passenger, he lacked a reasonable expectation of privacy in the cab; and (2) that the police lawfully seized the firearm because it was in their plain view. We agree with the latter reasoning.[1]

Under the "plain view" doctrine, an exception to the warrant requirement for the seizure of property, "incriminating evidence" may be seized if "(1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997). The evidence adduced at the suppression hearing establishes that the arresting officers were in the course of lawfully removing Rucker from the cab when they first saw the firearm.[2] It is axiomatic to say that a firearm's "incriminating character is immediately apparent," id., particularly when it is found in proximity to an individual being arrested for

---

[1] We need not consider the propriety of the district court's former conclusion because we agree with its alternative analysis and affirm on that basis.

[2] By abandoning his challenge to the warrantless arrest, Rucker implicitly concedes the legality of the officers' presence at the cab.

4

distribution of narcotics.  See United States v. Perry, 560 F.3d 246, 251-52 (4th Cir.) (noting "the well-known and attested-to link between drug distribution and firearms"), cert. denied, 130 S. Ct. 177 (2009).  The illegality of the firearm was even more apparent in this case, because the officers knew Rucker was prohibited from possessing a firearm due to his criminal record. Accordingly, we find the district court properly concluded the "plain view" doctrine supported the warrantless seizure of the firearm.

For the foregoing reasons, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED